### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

JUANITA A. SANCHEZ (ON BEHALF   :
OF MINOR CHILD DEBORA         :
RIVERA-SANCHEZ) *et al.*,          :
                                 :
        Plaintiffs,          :    Civil Action No.:    07-1573 (RMU)
                                 :
        v.                 :    Document No.:    18
                                 :
UNITED STATES OF AMERICA,      :
                                 :
        Defendant.          :

### MEMORANDUM OPINION

#### GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER FOR LACK OF VENUE[1]

### I. INTRODUCTION

This matter is before the court on the defendant's motion to dismiss or, in the alternative, to transfer for lack of venue. The plaintiffs, Juanita Sanchez, on behalf of her minor child Debora Rivera-Sanchez, and 7,124 additional plaintiffs, are citizens of Vieques Island in Puerto Rico who bring this action for money damages against the defendant pursuant to the Federal Tort Claims Act ("FTCA").[2] Because none of the plaintiffs reside in the District of Columbia and because the acts or omissions they complain of were directed at the Puerto Rican island of Vieques, the court grants in part and denies in part the defendant's motion, transferring the case to the District of Puerto Rico.

---

[1]    Although the defendant's motion is captioned a "motion to dismiss for lack of venue," the motion requests that the court dismiss the case or, in the alternative, transfer it to the District of Puerto Rico. Def.'s Mot. 17, 24. Therefore, the court construes the motion as a motion to dismiss or, in the alternative, to transfer.

[2]    In addition to the United States, the plaintiffs originally named as defendants the United States Department of Defense; Robert M. Gates, the Secretary of Defense; the United States Department of the Navy; and Gordon England, the Secretary of the Navy. Am. Compl. at 1. Because a plaintiff may only name the United States as a defendant in an action under the Federal Tort Claims Act ("FTCA"), the plaintiffs subsequently dismissed the claims against all defendants except for the United States. Pls.' Notice of Dismissal at 1.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs bring this action under the FTCA asserting that the defendant engaged in negligent and wrongful acts and omissions with respect to its operation of the United States Navy Atlantic Fleet Weapons Training Facility ("AFWTF") that resulted in permanent injury and damage to the people and environment of Vieques.  Am. Compl. at 2.  Specifically, the plaintiffs claim that the defendant is responsible for the release of toxins into the air, water, and soil on which the people of Vieques depend.  *Id.* ¶¶ 4-6.  They allege that these acts or omissions were the result of planning and decision-making that occurred in Washington, D.C.[3]  *Id.* ¶¶ 20, 23, 24, 26.  In response, the defendant filed a motion requesting that the court dismiss the plaintiffs' claim for lack of venue in the District of Columbia or, in the alternative, that it transfer the case to the District of Puerto Rico.  Def.'s Mot. at 17, 24.  The court turns now to the parties' arguments.

## III.  ANALYSIS

### A.  Legal Standard for Venue under 28 U.S.C. § 1402(b) and for Transfer to Pursuant to 28 U.S.C. § 1406(a)

Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum.  FED. R. CIV. P. 12(b)(3).  For actions brought under the FTCA, 28 U.S.C. § 1402(b) governs venue, stating that "any civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).

---

[3]     On September 5, 2007, the plaintiffs filed their original complaint, *see* Compl., which they subsequently amended to include allegations that the defendants engaged in aspects of the complained of acts or omissions in Washington, D.C., *see* Am. Compl. ¶¶ 20, 23, 24.

For the purposes of the FTCA, the judicial district "wherein the act . . . occurred" is the district in which "sufficient activities giving rise to the plaintiff's cause of action took place." *Zakiya v. United States*, 267 F. Supp. 2d 47, 58 (D.D.C. 2003) (citing *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984)). Further, when conduct occurs in one district but has intended effects in another, "the act 'occurs' in the jurisdiction where its effects are directed." *Reuber v. United States*, 750 F.2d 1039, 1047 (D.C. Cir. 1985), *rev'd on other grounds*, *Kauffman v. Anglo-Am. Sch. of Sofia*, 28 F.3d 1223 (D.C. Cir. 1994). Courts in this district in particular must examine FTCA venue issues carefully to guard against the possibility that plaintiffs might "manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

If the district in which the action is brought does not meet the requirements of §1402(b), then that district court may either dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer the case is committed to the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Generally, the interest of justice requires transferring such cases to the appropriate judicial district rather than dismissing them. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

To transfer the action, the court must ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum. *Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981) (per curiam); *Crisler v. Schmeltzer*, 1990 WL 113887, at *2 (D.D.C. July 24, 1990). This Circuit favors transfer under § 1406(a) "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and

statutes of limitations] impede an expeditious and orderly adjudication on the merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983).

### B.  Venue is Improper in the District of Columbia

Because none of the plaintiffs in this case reside in the District of Columbia, Am. Compl. ¶¶ 34-7156, whether proper venue exists in this district turns on the determination of the judicial district "wherein the act or omission complained of occurred," 28 U.S.C. §1402(b).  In support of its contention that venue is improper, the defendant asserts that the plaintiffs are complaining of "acts or omissions that took place on the Island of Vieques in Puerto Rico" and that the plaintiffs' new allegations regarding the actions of government policy-makers in the District of Columbia are not an adequate basis for venue in this district.  Def.'s Mot. at 11-12.  In the defendant's view, the plaintiffs have attempted to manufacture venue in the District of Columbia by linking the injuries suffered on Vieques to decision-making they allege occurred in the District of Columbia.  *Id.* at 12-13.  The defendant notes that the allegedly tortious decisions would have been made at the headquarters of the Department of Defense and the Navy, neither of which is located in the District of Columbia.  *Id*. at 13.  Even if these headquarters were located in the District of Columbia, the defendant maintains that their location would not be sufficient to establish venue because the policy decisions were directed at Vieques and the injuries the plaintiffs complain of occurred on Vieques.  *Id.*

The plaintiffs counter that venue is proper in this district because "some of the decisions" in question "would have been authorized or issued from Washington, DC," that "various . . . working groups would have or should have come together in Washington, DC from time-to-time to create policy" and that the District of Columbia is "where the majority of responsible government officials work."  Am. Compl. ¶¶ 20, 23, 24; Pls.' Opp'n at 10-11.  In the alternative,

the plaintiffs request that the court grant discovery on the issue of venue to allow them to substantiate their claims should the court find them to be insufficient because "the defendant is in the exclusive possession" of facts relating to the venue issue.  Pls.' Opp'n at 20.  In response, the defendant argues that the court should deny the plaintiff's request for discovery on venue, stating that it would be akin to a "fishing expedition" and that much of the information regarding the Navy's operations at the AFWTF is publicly available.  Def.'s Reply at 18.

Under the FTCA, "venue is proper in the District of Columbia if sufficient activities giving rise to the plaintiff's cause of action took place here."  *Franz*, 591 F. Supp. at 378.  When conduct "occurs in one district but has intended effects elsewhere, the act 'occurs' in the jurisdiction where its effects are directed."  *Reuber*, 750 F.2d at 1047.  For two reasons, the court concludes that the plaintiffs are not entitled to discovery to substantiate their speculation that "some of the [allegedly tortious] decisions . . . would have been authorized or issued" from this district.  *See* Am. Compl. ¶ 20.  First, because the plaintiffs fail to offer more than "rank speculation" or specify what information "regarding the participation and responsibility of various government officials and agencies" they require, *see* Pls.' Opp'n at 20, such discovery would amount to "nothing more than a fishing expedition," *Bastin v. Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997).  Second, and more importantly, obtaining the discovery they request would not help the plaintiffs prevail on their venue argument because even if the alleged decisions were made in the District of Columbia, the gravamen of the acts or omissions complained of – namely, the conduct of AFWTF employees that the plaintiffs claim is the basis for this action – occurred on Vieques.  *See Reuber*, 750 F.2d at 1047 (declaring that the plaintiff's claims were insufficient to establish venue in this district because he "pointed to no tortious conduct which foreseeably would produce consequences" here).  Because the allegedly

tortious conduct that took place in the District of Columbia produced consequences only on Vieques and not in the District of Columbia, venue is improper in this district.

### C.  The Court Denies the Defendant's Motion to Dismiss for Lack of Venue and Transfers the Action to the District of Puerto Rico

The defendant asks that the court dismiss, rather than transfer, the plaintiffs' claims based on a determination that venue is improper in this district.  Def.'s Mot. at 17.  The defendant bases this request on the fact that the plaintiffs amended their complaint to add claims purportedly arising in the District of Columbia.  *Compare* Compl. *with* Am. Compl.  Adding claims arising in this district, the defendant contends, is proof of the plaintiffs' attempt to manufacture venue in this district to avoid an unfavorable First Circuit ruling, *Abreu v. United States*.[4]  Def.'s Mot. at 20.  In response, the plaintiffs assert that if the court determines that venue is lacking in the District of Columbia, the court should transfer the case to the District of Puerto Rico rather than dismissing it.  Pls.' Opp'n at 20.  Additionally, the plaintiffs dispute the defendant's accusation of forum shopping, maintaining that the *Abreu* case has limited applicability here because they are bringing additional claims that were not at issue in *Abreu*.  *Id.* at 24.  In further support of its request for dismissal rather than transfer, the defendant offers as an indicium of bad faith that the plaintiffs filed their claim shortly before the statute of limitations expired.  Def.'s Mot. at 23.  In response, the plaintiffs contend that the defendant is unfairly accusing them of bad faith for "taking a few extra months to organize 7,125 clients." Pls.' Opp'n at 22.

The defendant also bolsters its plea for dismissal, as opposed to transfer, by averring that "there is a substantial question whether plaintiffs can state a valid FTCA claim in any federal

---

[4]     In *Abreu*, the First Circuit upheld the district court's dismissal of the plaintiffs' FTCA claim against the United States for its actions on Vieques, determining that the United States' conduct fell under the discretionary function exception to the FTCA.  468 F.3d 20, 30 (1st Cir. 2006).

court" because the discretionary function exception of the FTCA bars their claims.  Def.'s Mot. at 21.  The plaintiffs respond by asserting that "many of [their] claims . . . are outside the discretionary function exception of the FTCA," and support this allegation by citing numerous cases in which the discretionary function exception did not apply to claims analogous to the ones the plaintiffs bring in this case.  Pls.' Opp'n at 24 (citing cases from the D.C., First, Second and Ninth Circuits).

When the court determines that venue is improper in this district, it is within its discretion to transfer the case to the proper district if the court deems it to be "in the interest of justice."  28 U.S.C. §1406(a).  As the plaintiffs highlight, they have brought numerous claims that were absent in *Abreu.*  Pls.' Opp'n at 25.  In *Abreu*, the plaintiffs' complaint centered on the Navy's alleged contravention of the Resource Conservation and Recovery Act due to its failure to obtain a permit to operate an open burning/open detonation facility, as well as its alleged violations of the Clean Air Act and the Noise Control Act.  *Abreu,* 468 F.3d at 24, 28, 32. Although the plaintiffs in this case have included similar claims in their complaint, *see* Am. Compl. ¶¶ 9-13, they also allege numerous other claims that are beyond the ambit of the *Abreu* decision, including failure to warn and negligent maintenance, *see id*. ¶¶ 7198-7211.  As a result, the court cannot conclude that the plaintiffs have deliberately filed their case in this district to avoid an unfavorable ruling based on *Abreu*.  Further, because the timely filing of their case "shows the proper diligence on the part of the plaintiff[s] which such statutes of limitations were intended to insure," transferring the action to the District of Puerto Rico, rather than dismissing it, is warranted.  *See Goldlawr*, 369 U.S. at 466.

As for the defendant's assertion that the discretionary function exception of the FTCA bars the plaintiffs' claims, the court observes that it would not be an abuse of discretion to

dismiss this action, rather than transfer it, if the plaintiffs "failed to show that [their] claims . . . could properly be heard in federal court." *Naartex*, 722 F.2d at 789.  But in *Naartex*, this Circuit held that the plaintiffs failed to show that their claims could be heard in federal court because there was no private right of action under which they could bring their case.  *See id.* at 789-90.  In contrast, in the case at bar, the FTCA establishes a right of action, *see* 28 U.S.C. § 1346, but the relevant inquiry is whether the discretionary function exception bars their claims, *cf. Shuler v. United States*, 531 F.3d 930, 933 (D.C. Cir. 2008) (analyzing whether the discretionary function exception precluded the plaintiff's claim).  As the plaintiffs indicate, numerous cases recognize claims analogous to some of the claims brought in the instant action as outside the scope of the FTCA's discretionary function exception.  Pls.' Opp'n at 24.  And the court will not accept the defendant's invitation to rule on the merits of the plaintiffs' claims, in contrast with the more basic question in *Naartex* as to whether the statute even established a private right of action.  *See Naartex*, 722 F.2d at 789-90.  The District of Puerto Rico is the appropriate court to address the defendant's arguments regarding the merits of the plaintiffs' claims.  *See, e.g.*, *Hoffman v. Fairfax County Redev. & Hous. Auth.*, 276 F. Supp. 2d 14, 17 (D.D.C. 2003) (declining to rule on the substantive merits of the defendant's 12(b)(6) motion because the transferee court would be better suited to address the matter); *Hafstad v. Hornick*, 1987 WL 10871, at *3 (D.D.C. 1987) (reasoning that "it is fitting to leave all decisions on the merits to [the transferee] district court, rather than to tie that court's hand with substantive decisions made in this jurisdiction").  Therefore, the court holds that transfer of this case, rather than dismissal, is "in the interest of justice."  28 U.S.C. § 1406(a).

**IV.  CONCLUSION**

For the foregoing reasons, the court denies the defendant's motion to dismiss but grants the defendant's motion in the alternative to transfer the case to the District of Puerto Rico.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of March, 2009.

RICARDO M. URBINA
United States District Judge